UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Simon A. Lundry, Sr.,
          Plaintiff,

          vs.          06-2214

Thomas R. Iben,
          Defendant.

OPINION

      The plaintiff, Simon Andre Lundry, Sr., has filed a petition to proceed in forma pauperis, d/e 1, and submitted a complaint, purportedly pursuant to 28 U. S. C. §1331.  The only defendant he names is Thomas R. Iben.

**Standard**

      The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).[1]

      Pleading particular legal theories or particular facts is not required to state a claim.  Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.).  The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

      The merit review standard is the same as a motion to dismiss standard.  It is well established that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury."  28 U.S.C. Section 1915(g).

which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Background

The plaintiff is a federal pre-trial detainee. He is currently detained in a Federal Correctional Institution in Sandstone, Minnesota. He has brought a complaint, purportedly pursuant to 28 U. S. C. Section 1331, against Thomas R. Iben, a court appointed public defender who represented the plaintiff who was a defendant in criminal proceedings. The plaintiff alleges that on September 16, 2005, Iben provided additional information of evidence to his former attorney, Robert Andre Alvarado, who at the time had been terminated as his attorney in the criminal proceedings the previous year. Further, the plaintiff claims that on September 14, 2005, Iben "withheld evidence from expert information." Further, the plaintiff alleges that on September 16, 2005, Iben committed assault and battery against the plaintiff and Iben verbally threatened the plaintiff. As relief, the plaintiff seeks an "apology, plus monetary damages for mental anguish, emotional stress, pain and suffering, and cruel and unusual punishment."

### Discussion

Apparently, the defendant, Mr. Iben represented the plaintiff in his criminal proceedings. The district courts have original jurisdiction over all civil actions arising under the Constitution of the United States. 28 U.S.C. § 1331. Federal question jurisdiction exists so long as "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983). However, public defenders cannot generally be sued under § 1983 [or § 1331] because they are not considered "state actors" while "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Therefore, pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.

If the plaintiff is attempting to allege that his counselor, Iben was ineffective in the criminal proceedings in which Iben represented the plaintiff, a habeas corpus action, pursuant to 28 U.S.C. Section 2255 would be the appropriate course of action. However, this court hastens to add that it is not deciding whether the plaintiff has a viable habeas action.

Further, the plaintiff's motion for appointment of counsel [12] is denied. Appointment of

counsel is not warranted in this case.  Neither the legal issue raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary.  The plaintiff appears more than capable of presenting his case.  The plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint.  *See Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir. 1983).  It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits.  The motion is denied pursuant to *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981).  *See  Merritt*, 697 F.2d 761, 763 (7th Cir. 1983) and *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

It is therefore ordered:

1. The plaintiff's motion for appointment of counsel [12] is denied
2. Pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's entire complaint is dismissed for failure to state a claim upon which relief may be granted.
3. Further, because the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three strikes log.
4. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
5. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 18th day of December 2006.

/s Michael P. McCuskey
_____
MICHAEL P. MCCUSKEY
UNITED STATES DISTRICT JUDGE